IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| MICHAEL MERRITT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:19-CV-175-Z-BR |
| | § | |
| BRANDON FRANCO, | § | |
| | § | |
| Defendant. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION TO GRANT DEFENDANT'S MOTION TO DISMISS

Before the Court is Defendant Brandon Franco's ("Franco") Motion to Dismiss. (ECF No. 7). Plaintiff Michael Merritt ("Merritt") did not file any response to the motion. For the reasons explained below, the Court recommends that the motion to dismiss be GRANTED and Merritt's Complaint be DISMISSED without prejudice for lack of subject matter jurisdiction.

## I.    FACTUAL BACKGROUND

On August 26, 2019, Merritt filed his Complaint, alleging claims of "police misconduct" and "emotional distress" against defendant Franco. (ECF No. 3). Merritt claims defendant Franco "failed to act" when "law violations" took place against Merritt by unknown parties. *Id.* Merritt claims the "failure to act" fell within Franco's job duties. *Id.* Merritt also claims he made a complaint to defendant Franco about law enforcement's stop and search of guests leaving Merritt's home. *Id.* Merritt alleges he received Facebook communications from defendant Franco that "he [defendant Franco] could not control the Europe PD [police department]." *Id*. Merritt also makes a convoluted claim that Franco required Merritt to take action himself before police assistance would be provided. *Id.* These are Merritt's claims for "police misconduct."

Merritt alleges defendant Franco acted with "negligence" during the actions described above. *Id*. Merritt also claims that, due to Franco's failure to conduct his official duties adequately, Merritt has lost confidence in law enforcement. *Id*. This has caused Merritt to have angry outbursts and have difficulty with work and friends. *Id*. On his civil cover sheet, Merritt indicates that the basis for his suit falls under 18 U.S.C. § 242, Deprivation of Rights Under Color of Law, stating defendant Franco "refused to do his job and extorted me to get his help." *Id.*

## II.    <u>STANDARD OF REVIEW</u>

Federal Rule of Civil Procedure 12(b)(1) addresses a district court's ability to hear a case and make any determinations on the merits. *See* Fed. R. Civ. P. 12(b)(1). A district court's basis to dismiss for "[l]ack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming*, 281 F.3d at 161 (citing *Barrera–Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1995)). Thus, a district court can look outside of the complaint to determine facts relevant to subject matter jurisdiction. *See Williams v. Wynee*, 533 F.3d 360, 365 n.2 (5th Cir. 2008); *Ramming*, 281 F.3d at 161. This Court will consider all of plaintiff's pleadings and filings to determine whether facts exist to support the Court's subject matter jurisdiction. *See Williams*, 533 F.3d at 365 n.2; *Ramming*, 281 F.3d at 16.

When assessing jurisdiction, the district court accepts the plaintiff's allegations in the complaint as true and may resolve undisputed facts. *See Choice Inc. of Texas v. Greenstein*, 691 F.3d 710, 714 (5th Cir. 2012). The plaintiff, as the party asserting jurisdiction, bears the burden of proof for establishing federal court jurisdiction. *Life Partners, Inc. v. United States*, 650 F.3d 1026, 1029 (5th Cir. 2011). In the end, a court should "dismiss for lack of subject matter jurisdiction …

only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." *Choice Inc. of Texas*, 691 F.3d at 714 (quoting *Ramming*, 281 F.3d at 161).

When a case is dismissed for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), the court need not address any challenges to the merits, such as a defendant's attack pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Thus, this Court will follow the Fifth Circuit's directive:

> When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits. (citations omitted). This requirement prevents a court without jurisdiction from prematurely dismissing a case with prejudice. The court's dismissal of a plaintiff's case because the plaintiff lacks subject matter jurisdiction is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction.

*Ramming*, 281 F.3d at 161 (citations omitted).

### III.    ANALYSIS

Jurisdiction shall be determined before any claim challenging the merits of a plaintiff's case. *See In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012); *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). This requirement prevents a court without federal court jurisdiction from prematurely dismissing a case with prejudice that presents possibly viable state law claims. *See Ramming*, 281 F.3d at 161. Without subject matter jurisdiction a district court can only decide that it does not have jurisdiction and nothing more. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93–95 (1998); *McDonal v. Abbott Laboratories*, 408 F.3d 177, 182 (5th Cir. 2005).

Unless otherwise provided by statute, federal court jurisdiction requires: (1) a federal question arising under the Constitution, a federal law, or a treaty, *see* 18 U.S.C. § 1331; or (2)

complete diversity of citizenship between adverse parties, and the matter in controversy exceeds $75,000, *see* 28 U.S.C. § 1332. Federal courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

Federal courts are courts of limited jurisdiction. *See* U.S. CONST. ART. III, § 2, CL. 2. A federal district court only has the power to make decisions on the merits of a case when jurisdiction arises under the constitution and is conferred by Congress in a federal statute. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). A plaintiff who brings suit in federal court has the burden to prove that the district court has jurisdiction over the alleged controversy. *Kokkonen*, 511 U.S. at 377. The basis for federal subject matter jurisdiction should affirmatively appear in the plaintiff's pleading in the form "of a short and plain statement" asserting the court's jurisdiction. *See* Fed. R. Civ. P. 8(a)(1).

However, allegations made in a complaint by a pro se plaintiff are liberally construed and held to a less stringent standard than those drafted by a lawyer. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see Perez v. United States*, 312 F.3d 191, 194–95 (5th Cir. 2002). "If a complaint fails to cite the statute conferring jurisdiction, the omission will not defeat jurisdiction if the facts alleged satisfy jurisdictional requirements." *Margin v. Sea–Land Serv., Inc*., 812 F.2d 973, 976 (5th Cir. 1987) (citing *Hildebrand v. Honeywell, Inc*., 622 F.2d 179, 181 (5th Cir. 1980)).

### A.  Analysis of Merritt's Complaint for Subject Matter Jurisdiction

There are only two ways to establish federal subject matter jurisdiction: (1) federal question; and (2) diversity jurisdiction. *See* 28 U.S.C §§ 1331 and 1332. When a pro se plaintiff files suit in federal court and does not make a short statement of the grounds for jurisdiction

pursuant to Federal Rule of Civil Procedure 8(a)(1), the court looks to the facts alleged to determine whether subject matter jurisdiction is appropriate. *See Margin*, 812 F.2d at 976; *Perez*, 312 F.3d at 194–95. Here, Merritt failed to make a brief statement asserting grounds for jurisdiction. Thus, this Court will look to the facts alleged to ascertain jurisdiction. *See id*.

   1. **<u>Federal Question Jurisdiction</u>**

District courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. However, establishing federal-question jurisdiction is more limited and difficult than the "arising under" language might suggest. *See Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 808 (1986). The question whether a claim "arises under" federal law is determined by the well-pleaded complaint rule. *See Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 9–10 (1983). The longstanding rule requires that it be clear from the face of the plaintiff's original complaint that a federal question is asserted. *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). "[C]ases brought under the general federal-question jurisdiction of the federal courts are those in which federal law creates the cause of action." *Merrell Dow Pharm., Inc.*, 478 U.S. at 808. Thus, to establish federal-question jurisdiction, a plaintiff must specifically allege on the face of the complaint a cause of action created by a federal law. *See id*.

The most common way to assert a federal question is to allege in the complaint that a plaintiff was injured by a defendant in violation of a specific federal statute that has a cause of action with a remedy. *Id*. Here, Merritt's pro se pleadings cite a federal criminal statute to establish federal-question jurisdiction. (ECF No. 3). Specifically, Merritt alleges jurisdiction arises because Franco caused a "deprivation of rights under color of law," pursuant to 18 U.S.C. § 242. Merritt does not cite to any civil statute conveying jurisdiction for his civil lawsuit.

Even "[i]f a complaint fails to cite the statute conferring jurisdiction, the omission will not defeat jurisdiction if the facts alleged satisfy jurisdictional requirements." *Margin v. Sea–Land Serv., Inc*., 812 F.2d 973, 976 (5th Cir. 1987). So, for Merritt to establish federal-question jurisdiction, he must have specifically alleged facts on the face of his complaint that satisfy a cause of action created by a federal law. *See Merrell Dow Pharm., Inc*., 478 U.S. at 808; *Margin*, 812 F.2d at 976. Additionally, in a review under Federal Rule of Civil Procedure 12(b)(1), the Court may look outside of the pleadings to determine whether the facts alleged in the pleadings support subject matter jurisdiction. *See Williams v. Wynee*, 533 F.3d 360, 365 n.2 (5th Cir. 2008); *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

First, the Court will address the specific statute cited by Merritt wherein he claims jurisdiction lies. Merritt cites a criminal statute as the basis for jurisdiction over his civil lawsuit. (ECF No. 3). Sections 241, 242, and 245 of the United States Code title 18 do not provide a private cause of action. *Deubert v. Gulf Fed. Sav. Bank*, 820 F.2d 754, 760 (5th Cir. 1987) (stating no private cause of action arises from a violation of 18 U.S.C. § 241); *Menefee v. Houston Police Dep't*, No. 4:14-CV-01705, 2016 WL 3093131, at *4 (S.D. Tex. May 11, 2016) ("prosecution of an action under 18 U.S.C. § 242 lies solely within the discretion of the Office of the United States Attorney General, leaving plaintiffs with no private right of action under that statute"); *Kelley v. Tex. Workforce Comm'n*, No. H-08-1396, 2008 WL 4724428, at *3 (S.D. Tex. Oct. 24, 2008) (citing *Williams v. Tri-County Cmty. Ctr*., 452 F.2d 221, 223 n.3 (5th Cir. 1971)) ("Section 245 is a criminal statute proscribing infringement of certain federally protected activities").

"Federal courts have repeatedly held that violations of criminal statutes do not give rise to a private right of action." *Doyon v. United States*, No. A-07-CA-977-SS, 2008 WL 2626837, *4 (W.D. Tex. June 26, 2008) (holding 18 U.S.C. §§ 241, 242, and 245 are criminal statutes that

confer no private right). Nor does a citizen have a constitutional right to have someone criminally prosecuted. *Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990). A citizen "lacks standing to contest the policies of the prosecuting authority when he himself is neither prosecuted nor threatened with prosecution." *Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973). Thus, Merritt has no private right of action conveyed under this statute. Nevertheless, the Court will look to the particular facts pleaded by Merritt to determine if any other cause of action is stated by his Complaint.

Merritt's Complaint alleges only a negligence claim against defendant Franco. Such claims are not sufficient to invoke this Court's jurisdiction. When a plaintiff's claim alleges only negligence by a police officer, such claim does not fall under section 1983. *See Johnson v. Hunt Cty. Jail*, No. 3-08-CV-1876-P, 2009 WL 192891, at *2 (N.D. Tex. Jan. 27, 2009). Claims grounded in negligence are not actionable under 42 U.S.C. § 1983. *See Ortega v. Romero*, 43 F.3d 1483. Because Merritt has failed to allege any other basis for federal subject matter jurisdiction, this case should be summarily dismissed.

Defendant Franco urges that Merritt has not stated a claim under 42 U.S.C. § 1983. The Court agrees. Although the Court declines to conduct a Rule 12(b)(6) analysis to dismiss Merritt's Complaint with prejudice, it is apparent that Merritt's Complaint does not state such a claim, and thus, this statute cannot be the basis to invoke this Court's jurisdiction. Merritt's Complaint makes no allegations regarding any customs or policies of the Swisher County Sheriff's Department or other law enforcement agency. Further, a careful reading of Merritt's complaint does not allege a constitutional deprivation by the defendant, Franco. Rather, Merritt alleges defendant Franco failed to act to protect Merritt's rights when other unknown individuals committed "law violations" against him. Merritt's Complaint lacks the allegations sufficient to invoke this Court's jurisdiction. "[A] negligent departure from established police procedure does not necessarily signal violation

of constitutional protections*." Fraire v. City of Arlington*, 957 F.2d 1268, 1276 (5th Cir.), *cert. denied*, 506 U.S. 973 (1992). In order to state a federal cause of action under these facts, Merritt must allege a direct causal link between an alleged constitutional deprivation and a municipal policy and show that "the [municipality] consciously enacted a policy reflecting 'deliberate indifference' to the rights of its citizens." *Snyder v. Trepagnier*, 142 F.3d 791, 795–96 (5th Cir. 1998) (citing *City of Canton v. Harris*, 489 U.S. 378, 385 (1989)). Here, Merritt's Complaint wholly fails to make these allegations.

This Court cannot say that Merritt's pro se pleadings support federal-question jurisdiction. *See Merrell Dow Pharm., Inc*., 478 U.S. at 808; *Margin*, 812 F.2d at 976. Although allegations made in a complaint by a pro se plaintiff are liberally construed, the facts alleged by Merritt, even viewed in the most liberal fashion, simply do not state or describe a cause of action in which federal-question jurisdiction is appropriate. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also Perez v. United States*, 312 F.3d 191, 194–95 (5th Cir. 2002). Merritt has failed to allege on the face of the complaint a statutory cause of action created by federal law. *Merrell Dow Pharm., Inc*., 478 U.S. 804, 808 (1986). Moreover, Merritt has failed to allege facts that can satisfy, without naming a statute, the jurisdictional requirements of a federal question. *See Margin*, 812 F.2d at 976.

In reaching this decision, the Court conducted an extensive review of the facts alleged in Merritt's pro se pleadings. (ECF No. 3). This Court examined whether Merritt's factual allegations of "negligence," "police misconduct," or other factual claims fell within a cause of action conferred by Congress in any statutes. This search for an appropriate statute or pleading mechanism did not reveal a cause of action that supports the exercise of federal-question jurisdiction for Merritt's allegations.

Even when a plaintiff is proceeding pro se, "the complaint must contain either direct allegations on every material point necessary to sustain a recovery … or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (citations omitted); *Govea v. ATF*, 207 Fed. Appx. 369, 372 (5th Cir. 2006) (not selected for publication). Establishing subject matter jurisdiction is the threshold, the "material point necessary to sustain [any] recovery," and failure to do so is fatal to a suit in federal court. *See Campbell*, 43 F.3d at 975; *Govea*, 207 Fed. Appx. at 372. Furthermore, courts need not " 'conjure up unpled allegations or construe elaborately arcane scripts' to save a complaint." *Campbell*, 43 F.3d at 975 (quoting *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 514 (1st Cir. 1988)). The Court also notes that Merritt filed no response to the Motion to Dismiss and made no attempt to clarify the subject matter jurisdiction for his lawsuit. Any further search by this Court for a cause of action for Merritt's pro se suit might fall into the category of construing elaborate scripts to save the complaint. *See id*. Moreover, the " 'special judicial solicitude' with which a district court should view … pro se [filings] does not transform the court into an advocate." *United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012). Merritt has failed to uphold his burden of proof and establish subject matter jurisdiction through the assertion of a federal question. *See Life Partners, Inc. v. United States*, 650 F.3d 1026, 1029 (5th Cir. 2011).

## 2. Diversity jurisdiction

A district court may have subject matter jurisdiction under diversity jurisdiction if the amount in controversy exceeds $75,000.00, *and* the action is between citizens of different states. *See* 28 U.S.C. § 1332. Diversity jurisdiction requires complete diversity of citizenship. *See Whalen v. Carter*, 654 F.2d 1087, 1094 (5th Cir. 1992). "Complete diversity requires that all persons on

one side of the controversy be citizens of different states than all persons on the other side." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (citing 28 U.S.C. § 1332). "[P]laintiff must state all parties' citizenship such that the existence of complete diversity can be confirmed." *Whitmore v. Victus Ltd.*, 212 F.3d 885, 888 (5th Cir. 2000); *see also Vela v. Manning*, 469 Fed. Appx. 319, 320 (5th Cir. 2012) (not selected for publication). If the plaintiff shares the same state citizenship as one of the defendants, then the district court cannot exercise diversity jurisdiction. *See Whalen*, 654 F.2d at 1094. In the instant case, Merritt's Complaint makes it clear that he is a citizen and resident of Texas. Additionally, the sole defendant, Franco, is also a citizen and resident of Texas. (ECF No. 3). Merritt seeks $9,000.00 in compensatory damages, which does not meet the jurisdiction threshold, but later also states that he seeks $150,000 in total damages. (ECF No. 3). Based on this, Merritt's suit does not establish subject matter jurisdiction through an assertion of diversity jurisdiction. *See Life Partners, Inc.*, 650 F.3d at 1029.

## B. Defendant Franco's Motion to Dismiss for Failure to State a Claim under Rule 12(b)(6)

It is the Court's standard practice to address all issues, even after a decision has been reached, to fully dispose of a case with alternative findings. However, when a case is dismissed for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), the Court need not address any challenges to the merits, such as a defendant's attack pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Thus, the Court makes no finding on Franco's Rule 12(b)(6) motion.

## IV.    CONCLUSION

Even when construed liberally, Merritt's Complaint fails to allege facts supporting either federal question or diversity jurisdiction. Merritt does not refer to any federal cause of action by name, and the Complaint's facts and legal assertions do not resemble those underlying a federal

cause of action. Further, it appears both Merritt and defendant Franco are citizens of Texas. (ECF No. 3). Thus, Merritt has failed to establish diversity jurisdiction. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) ("A district court cannot exercise diversity jurisdiction if one of the plaintiffs shares the same state citizenship as any one of the defendants."). As this Court lacks jurisdiction over the Merritt's claims, the Court must dismiss this case without considering defendant Franco's request for dismissal under Federal Rule of Civil Procedure 12(b)(6).

## V.    **RECOMMENDATION**

For the above reasons, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Motion to Dismiss (ECF No. 7) be GRANTED. Further, Merritt's Complaint should be DISMISSED without prejudice, for lack of subject matter jurisdiction.

## VI.    **INSTRUCTIONS FOR SERVICE**

The United States District Clerk is directed to send a copy of these Findings, Conclusions, and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED April 8, 2020.

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions, and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). *Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed* as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions, and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).